Hon. PIERPOINT ISHAM, } Assistant Judges.
Hon. MILO L. BENNETT, }

---

LAUREL B. ARMSTRONG, *admr. upon the estate of* JULIUS K. SHELDON *v.* DANIEL B. GRISWOLD.

*Deposition.   Testimony of party.*

A deposition taken without notice before the passage of the act entitled "an act in relation to depositions," approved November 14, 1854, (Laws of 1854, p. 5,) *held* admissible after the law took effect, without having been filed thirty days previous to the session of the court at which it was offered.

Admr. of Sheldon *v.* Griswold.

The witness law of 1852 (Laws of 1852, p. 11,) contemplated the examination of a party as a witness only in open court, and did not authorize the using of his deposition. (But see Laws of 1855, p. 12.)

ACTION ON THE CASE, tried at the June Term, 1855,—PIERPOINT, J., presiding.

During the trial, the plaintiff offered in evidence a deposition of William E. Sheldon, which was taken without notice to the defendant, in February, 1853, but was not opened or filed in the clerk's office until the day of trial; also a deposition of Julius K. Sheldon, the original plaintiff in this action, which was taken in March, and filed in the clerk's office on the 11th of April, 1854, since which time he had deceased. To the admission of each of these depositions, the defendant objected, but the same were admitted by the court, and read, to which the defendant excepted.

*Roberts & Chittenden* for the defendant.

*A. L. Miner* and *E. Edgerton* for the plaintiff.

The opinion of the court was delivered, at the circuit session in June, by

REDFIELD, CH. J. The objection to the admission of the deposition of William E. Sheldon is, that it was not filed in court thirty days before it was offered in evidence, being taken *ex parte.* The statute, at the time it was taken, required this. But that section was repealed before the trial. Upon general principles, the deposition being taken properly, and nothing being requisite to make it evidence, but filing in court, thirty days before the time of its being offered in evidence, and there being ample time in which to do that, and that requirement being then unconditionally repealed, we should naturally conclude the deposition was admissible, without being filed in court, as the former statute required. A statute repealed could scarcely be regarded as of any continuing force. This would be the only view which would occur to any one, perhaps, on the subject, had the repealing statute contained no further provisions, in regard to the taking of depositions in future. And the only thing which raises the implication here, that the legislature did not intend to increase the facilities for admitting *ex*

*parte* depositions is, that this very statute provides, that all deposi‑ tions, taken after that date, shall not be admissible, unless taken upon notice. And this, no doubt, as a mere ground of conjecture, renders it highly probable that the legislature had not this case in mind, in making such repeal or they would have excepted it. But this consideration will scarcely justify us in incorporating such an exception into the statute.

But in regard to the deposition of the party, we think the statute of 1852 did not contemplate that the parties would be examined as witnesses, in any other mode than in open court, before the tribunal trying the facts. This was, at the time, the known and settled law in regard to the examination of parties, in other actions, when they were admitted to give evidence, and we see nothing in the statute justifying the belief, that this statute intended to put the parties, in other actions, upon any more favorable ground. And it seems to us, the 2d section of the act of 1852, in regard to the examination of the parties, very clearly indicates that they were expected to be examined in open court.

Judgment reversed and case remanded.