GEORGE W. PADLEY, Administrator of Harold F. Padley, deceased, vs. THE DIRECTOR GENERAL OF RAILROADS.

1. RAILROADS—COMPLAINT IN CROSSING ACCIDENT ALLEGING ABSENCE OF WATCHMAN SUFFICIENT.

Count of declaration for accident at railroad crossing, alleging that defendant, to the knowledge of deceased, had been accustomed to maintain a watchman there to give warning of approaching trains, but at time of commission of grievances had negligently suffered watchman to leave his post, was not bad for not alleging custom to maintain watchman at hour of accident; this being matter of proof.

2. RAILROADS—COMPLAINT IN CROSSING ACCIDENT ALLEGING OMISSION OF MEANS OF WARNING SUFFICIENT.

Counts of declaration for crossing accident, which, after alleging the dangerous character of the crossing, averred that because thereof it was defendant's duty to maintain a watchman or safety gates, or other sufficient means of warning, but it negligently omitted to do either, *held* good.

(*June* 13, 1919.)

RICE and HEISEL, J. J., sitting.

*Robert H. Richards* for plaintiff.

*Herbert H. Ward, Jr.* (of Ward, Gray and Neary), for defendant.

Superior Court, New Castle County, May Term, 1919.

SUMMONS CASE, No. 85, March Term, 1919.

Action by George W. Padley, administrator, against the Director-General of Railroads. On general demurrer to the first three counts of declaration. Demurrer overruled.

The questions raised appear in the opinion.

RICE, J., delivering the opinion of the court:

[1] The first count, after alleging the dangerous character of the crossing in question, by reason of the angle of intersection of the railroad tracks and the public highway, and by reason of obstructions which prevent a clear view, in both directions, of said track, by persons passing along said public highway, in substance alleges that the defendant, to the knowledge of said Harold F. Padley, deceased, had been accustomed theretofore to maintain a watchman thereat for the purpose of warning persons about to cross said tracks, at said crossing, of the approach of defendant's locomotives and trains, but at the time of the accident the defendant had negligently and carelessly suffered and permitted the said watchman to leave his post of duty, and had thereby left said crossing without any watchman or other means of warning persons, about to cross said tracks, of the approach of locomotives and trains.

The defendant contends that the count is not good because the plaintiff has not averred it to be the custom of the defendant to maintain a watchman at the crossing, at the time of the day the collision occurred.

We are of the opinion that the count is good, because the plaintiff has averred that "at the time of the commission of the grievances hereinafter mentioned, the defendant had negligently and carelessly suffered and permitted the said watchman to leave his said post of duty." and we think that charges the defendant with negligence in not maintaining the watchman according to their custom, at the time of the accident, and to maintain his action on this count of the declaration, it would be necessary for the plaintiff to prove the defendant's custom to maintain the watchman between hours embracing the time of the day the accident occurred, this being a matter of proof rather than a matter of pleading.

[2]    The second count, after alleging the dangerous character of the crossing, avers that—

"By reason of the dangerous character of said crossing, it was then and there the duty of the said defendant to maintain a watchman or other sufficient means of warning at said crossing, for the purpose of warning persons about to cross said tracks at said crossing, of the approach of the defendant's locomotives and trains, but at the time of the commission of the grievances hereinafter mentioned the defendant had negligently and carelessly omitted to have and maintain at said crossing such a watchman or other means of warning as aforesaid."

The defendant contends that there was no duty on the part of the defendant to provide a flagman at the crossing in question, and therefore the company would not be negligent if it did not maintain a watchman at the crossing, and in support of this contention cites *Lofland's Brickyard Crossing Cases*, 5 *Boyce* 150, 91 *Atl.* 285.

By the greater weight of authority there is ordinarily no duty on the part of a railroad company to provide and maintain a watchman at crossings of the railroad and public highways, yet we are of the opinion that the case cited does not support defendant's contention with respect to the pleadings in the present case. In the *Lofland Brickyard Crossing Cases*, the allegation of the plaintiff was that it was the duty of the defendant to provide a flagman at the crossing, and that the collision was caused by the defendant's failure to perform its duty in this respect. In the present case the plaintiff has alleged that by reason of the dangerous character of the crossing, it was the duty of the said defendant to maintain a watchman *or other sufficient means of warning* at said crossing, for the purpose of warning persons about to cross said tracks. In the authority cited, the court said:

"It will be noticed in the present pleading that the plaintiff avers, and asks the court to hold as a matter of law, that it was the duty of the defendant to provide a flagman at the crossing, and maintains that the collision was caused by the defendant's failure to perform its duty in this respect, and that it is not averred that the duty of the defendant was to give timely and sufficient warning, and that the violation of that duty consisted in the defendant's failure to station a flagman at the crossing. This difference, under the principles of pleading recognized in this state, and the law concerning negligence, is most material. If we were to hold as a matter of law that it was the duty of the defendant to place a flagman at the crossing, then a failure in this duty would be negligence per se, notwithstanding the company might

have used other and more appropriate and quite sufficient means of warning the public; but if the negligence averred had been that the defendant failed in the performance of its duty to give due and timely warning, in that it did not station a flagman at the crossing, then proof of the absence of a flagman would not establish negligence per se on the part of the defendant, but would only be an evidential fact to be considered by the jury in determining whether the defendant neglected its duty to give timely and sufficient warning, and would let the defendant into a defense that it gave timely and sufficient warning otherwise than by a flagman."

We believe that the *Lofland Brickyard Crossing Cases are* authority for the sufficiency of the second count of the plaintiff's narr. in this case.

The third count, after alleging the dangerous character of the crossing, avers it to be—

"the duty of said defendant to maintain safety gates, or other sufficient means of protection, at said crossing for the purpose of protecting persons about to cross said tracks at said crossing against the dangerous approach of the defendant's locomotives and trains, but at the time of the commission of the grievance hereinafter mentioned, the defendant had negligently and carelessly omitted to have and maintain, at said crossing, such safety gates, or other means of protection, as aforesaid."

The defendant contends that there was no duty on the part of the defendant to maintain safety gates at the crossing in question, and cites as authority *Loflland's Brickyard Crossing Cases*, cited above.

We are of the opinion that what we have already stated with respect to the sufficiency of the second count, with respect to the flagman, is also applicable to the third count, with respect to the safety gates. The same principle of law covers both counts.

We therefore overrule the demurrer to the three counts.