Objection was made for defendant on the ground that the provisions of the Constitution for taking testimony on commission apply to certain witnesses only, and not to parties in a suit.

After reciting the facts as contained in the affidavit that the plaintiff is of the age of 81 years, and is suffering from paralysis in his right arm, and unable to leave his room, and that by reason of his said age and bodily infirmity, he may be unable to attend at the trial of the cause, the court made the following order:

"It is hereby ordered that Harry R. Brown be appointed commissioner to take the testimony of Charles W. Jefferson, on his own behalf, in the above-stated cause, without written interrogatories filed, upon oral examination, and subject to cross-examination and re-examination by the parties or their attorneys, and that notice of seven days of the time and place for the examination of the said Charles W. Jefferson shall be given to the attorneys of the defendants, and that the said commission shall be returned into this court on or before January 29, A. D. 1920."

[Signed]  CONRAD, J.
HEISEL, J.

---

FRANK GARDNER *vs.* WILMINGTON AND PHILADELPHIA TRACTION COMPANY, a corporation of the State of Delaware.

1.  RAILROADS—COUNT FOR INJURY BY OPERATION OF TROLLEY CARS AT CROSSING INSUFFICIENT.

    In action for injuries to an occupant of automobile in collision at crossing, count alleging that defendant negligently operated trolley car in a southerly direction on a track ordinarily used for cars traveling in opposite direction causing collision, without alleging that defendant failed to sound gong, or give other suitable warning of approach of car, *held* not to state cause of action.

2.  RAILROADS—COUNT FOR INJURY AT CROSSING BY OPERATION OF TROLLEY CARS WITHOUT WARNING SUFFICIENT.

    In action for injuries to occupant of automobile in collision at crossing, allegations that defendant negligently operated trolley car in a southerly direction upon the north-bound track, and negligently failed to have a watchman at such crossing or give any other suitable warning of approach of car, causing collision with automobile, *held* to state cause of action.

(*January* 15, 1920.)

CONRAD and HEISEL, J. J., sitting
*L. Irving Handy* for plaintiff.

*Herbert H. Ward, Jr.,* (of *Ward, Gray and Neary*) for defendant.
Superior Court for New Castle County, January Term, 1920.

SUMMONS CASE, No. 123, November Term, 1919.

Action by Frank Gardner against the Wilmington and Phila-
delphia Traction Company. On demurrer to first and third counts
of declaration. Demurrer sustained as to the first and overruled
as to the third count.

It is averred, in part, in the body of the first count of the dec-
laration:

"*   *   *   That at the time aforesaid the Delaware State Fair was
holding its annual exhibition and that great numbers of people were there, and
a great number of automobiles were passing to and from the Delaware State
Fair Grounds and across the said trolley lines by the Fair Grounds and a great
number of trolley cars were being operated there by the said defendant.   *   *
*   That the said defendant owned at that place on the said right of way double
metal tracks for the operation of its said trolley cars and was in the habit of
using its western track for trolley cars going in a southerly direction and its
easterly track for trolley cars going in a northerly direction.' That then and
there the said defendant had a long line of trolley cars standing on its said
westerly track obstructing the view of the automobile driver of the plaintiff,
who was approaching said crossing from a westerly direction, but said line of
trolley cars were broken and opened for a short space at the point where the
public road crossed the said right of way of the defendant. That the said
plaintiff approaching, from the west, said crossing in his said automobile and
using due care and caution on his part and on the part of the driver of his said
automobile came to and entered upon the crossing of the said right of way by
and on the public highway. *That then and there the defendant negligently and
carelessly operated one of its said trolley cars moving the said trolley car in a
southerly direction on the said easterly or north-bound track and thereby said
trolley car because of defendant's negligence in moving said trolley car southward
on the north-bound track ran into, collided with, threw over and destroyed the said
automobile of the said plaintiff and threw out him, the said plaintiff, on the
ground,*" etc.

It was contended for the defendant that the allegation,
italicized above, does not state a cause of action; for a trolley
company has a right to run its cars in any direction on its own right
of way, and the running of a car in a southerly direction on a track
which is at other times used for cars running in a northerly direc-
tion is not of itself an act of negligence. The plaintiff apparently
realized this fact; for in the second count there is added to said
allegation the phrase, "and carelessly and negligently failed to
sound its gong or to give any other suitable warning of its ap-
proach."

Counsel for plaintiff contended that the moving of the cars in the wrong direction upon the track, behind a blanket of other cars, as alleged in the count, constituted an act of negligence, sufficient to support the cause of action.

The corresponding allegation in the third count is:

"That then and there the defendant operated one of its said trolleys car moving the said trolley car in a southerly direction on the said easterly or north bound track and carelessly and negligently failed to have any watchman at said crossing of said public highway or to give any other suitable warning of its approach and thereby said trolley car because of defendant's said negligence ran into," etc.

Counsel for defendant argued that the allegation in the third count is insufficient to support an action for the reason urged against the first count; and that the allegation is not successfully aided by the addition of the phrase "carelessly and negligently failed to have any watchman at said crossing of said public highway or give any other suitable warning of its approach." *Loflands Brickyard Crossing Cases*, 5 *Boyce* 150, 91 *Atl.* 285. That there should be set out in the count, in the way indicated by the *Brickyard Cases*, an allegation of duty to give due warning, followed by an averment of the breach thereof, with sufficient particularity to inform the defendent of the kind of warning it failed to give.

Counsel for plaintiff stated that the third count was drawn with full knowledge of the *Lofland's Brickyard Crossing Cases*, *supra*. He conceded that it is necessary, before alleging a breach, to allege a duty, but he insisted that the count is sufficient and not open to the objection urged against it.

HEISEL, J. [1, 2] We sustain the demurrer to the first count, but we think the third count comes within the ruling in *Padley v. Director General of Railroads*, *ante*, 108 *Atl.* 34, and we overrule the demurrer to the third count.