J. JULIUS LEVY, SAMUEL K. MITCHELL and ELLSWORTH S. KELLER, as Trustees in Bankruptcy of Tower Magazines, Inc., a corporation of the State of Pennsylvania,

*vs.*

FREDERICK M. KIRBY and FREMKIR CORPORATION, a corporation of the State of Delaware.

*New Castle, October* 20, 1937.

*Ivan Culbertson,* for complainant.

*Aaron Finger,* of the firm of Richards, Layton & Finger, for defendant Fremkir Corporation.

THE CHANCELLOR: The bill appeals to the auxiliary jurisdiction of this court, to aid the complainants in securing the testimony of an aged and infirm witness who happens to be a defendant, and the principal one, in the law action in which his testimony is desired to be used. The bill is strictly of the *de bene esse* type. The examination which it seeks is a general one. If the examination were ordered, it should only be on interrogatories filed and allowed after an opportunity to except thereto had been af-

forded. If it were not so, the complainants, who have sued Kirby at law, would be enabled by means of recourse to equity to extort from Kirby, under the guise of a commission to examine him as a witness *de bene esse,* a fuller discovery than they would be entitled to in a formal bill filed for that express purpose. A bill for discovery in aid of a party at law is rarely if ever used now, in view of the modern procedure which law courts are empowered to employ. But when the auxiliary remedy of discovery in equity was frequently resorted to in aid of legal parties, as now when discovery is afforded in equitable causes, the scope of the discovery was and is limited to the party's own case and never permitted to be used to pry into the case of his opponent. *Loft, Inc., v. Guth, et al.,* 21 *Del. Ch.* 361, 191 *A.* 879; *Terry v. Stull, et al.,* 20 *Del. Ch.* 39, 169 *A.* 739. An application to examine a party as a witness on a commission to take testimony *de bene esse,* should, even if it were proper to grant it, be confined in its operation so as to prevent its being used in circumvention of the limitation which equity has consistently throughout the long years of its jurisdiction deemed it wise to place upon the remedy of discovery, that is to say, the examination should not be a prying expedition into the adversary's case.

So much has been said by way of general comment on the sweeping character of the examination which the bill, if we take its prayer at face value, seeks to obtain of the complainant's adversary in the law action.

But the demurring defendant contends that even if it would otherwise be proper to order a commission to examine Kirby *de bene esse,* the time has not yet arrived in the progress of the suit at law when the commission can properly issue. The point made in this connection is that no such commission should issue until the action at law has been pleaded to issue. It is said that the Superior Court has so decided in *Levy, et al., v. Kirby,* 8 *W. W. Harr.* (38 *Del.*) 394, 192 *A.* 696, which is the case in aid of

which the present application is made. It is true that the Superior Court now has power to issue commissions to take the testimony of witnesses who are aged, very infirm, or going out of the State. This power is derived from the State Constitution, *Article IV, § 24.* The same section of the Constitution also empowers the Superior Court to obtain evidence from places not within the State. Application was made by the plaintiffs to the Superior Court in their action against the defendants here, for a commission *de bene esse* to take Kirby's testimony. The application was in substance the same as is made in this court. Judge Rodney denied the application. He rested his decision on two grounds. They were first, that viewing the application as one to take testimony *de bene esse,* it was not allowable because the witness was a nonresident who was not in the State and the Constitution is to be construed as conferring the power only in cases of witnesses "going out of the State"; and secondly, viewing the application as one for a general commission under the Constitution and statute, *Rev. Code* 1935, § 4703, such general examination could not be had until the pleadings had settled the issues. The opinion of Judge Rodney in the Superior Court, therefore, did not undertake to deal with the question of whether a commission *de bene esse* might issue before issue is joined. His remarks bearing on the taking out of a commission before issue joined were made in reference to general depositions under the statute and rules of court supplementing the constitutional provision that the court should have "power of obtaining evidence from places not within the State." *Const. Art. IV, § 24.* The question of when in relation to the progress of the pleadings a commission *de bene esse* might issue in Chancery was neither involved in the case before him nor discussed in his opinion.

Bills in equity to take testimony *de bene esse* as before stated have fallen into comparative disuse because of the existence in most jurisdictions of a modern equivalent pro-

cedure in the law courts. In Delaware, as held in *Levy, et al., v. Kirby, supra,* a commission *de bene esse* can issue out of the law court only in cases where the witness, in addition to the other well-settled requisites, is in the State and is shown to be going out. As to witnesses who are out of the State, therefore, and whose condition in point of age or whose exclusive possession of the facts, makes necessary the taking of their testimony *de bene esse,* there may still be a useful function to be performed in the administering of justice by the ancient bill in equity which in former times was frequently resorted to in aid of actions at law, for with respect to such witnesses their testimony may be lost before the trial.

In the Court of Chancery it is not the rule that a commission will not issue to take testimony *de bene esse* until after the action in aid of which it is sought has been pleaded to issue. In 1 *Daniel's Chancery Practice, 4th Ed., p.* 933, the author expressly states that the court will permit an examination *de bene esse* "before the cause is at issue." Adjudicated cases support this statement. *Leonard v. Sutphen,* 7 *N. J. Eq.* 545; *Fort v. Ragusin,* 2 *Johns. Ch., N. Y.,* 146; *Packard, et al., v. Hill, et al.,* 7 *Cow. N. Y.,* 489, 490; *Richter v. Jerome, C. C.,* 25 *F.* 679; *Forbes v. Forbes,* 9 *Hare* 461, 68 *Eng. Reprint* 591. Many other cases might be cited to the same effect. If it were not so, the testimony which hangs by so slender a thread of chance might otherwise be lost and the very object which the procedure was designed to meet might be defeated.

I am of the opinion that it is not prerequisite in equity for an examination *de bene esse,* that the cause in which the testimony is desired to be used should be drawn by pleadings to an issue. If that were the sole objection to the bill, the demurrer would be overruled.

But there are other objections which lead me to the conclusion that the demurrer should be sustained. The wit-

ness here sought to be examined is a party to the action at law. Formerly parties were incompetent as witnesses. Hence it is that bills for examination of witnesses *de bene esse* are always found in the reports to be seeking the testimony of witnesses as distinguished from parties. If the moving party desired to support his case by testimony of his adversary party, equity supplied him an aid through a bill for discovery.

Since parties are now competent as witnesses, it is urged by the complainants that there can be no reason for denying to them the right to use the time sanctioned relief of an examination *de bene esse* as a means of securing their adversary's testimony. The argument is that when the reason ceases for excluding a party from the examination, viz., the lack of competency of a party as a witness, then the exclusion should cease. *Wilds v. Wilds*, 8 *Del. Ch.* 368, 68 *A.* 447, is cited in support of this argument. In that case the Chancellor ordered the taking of the testimony *de bene esse* of the complainant in a pending cause. He was moved to do so on the view that as the statute qualifying parties as witnesses placed parties in the same category as witnesses generally, there was no ground in reason for discriminating against the examination of a party-witness in advance of the usual course.

But the instant case is quite different. In *Wilds v. Wilds, supra,* there was no way for the aged complainant to give to the cause the benefit of her testimony unless her examination were allowed *de bene esse.* Here there is no necessity that an examination *de bene esse* be afforded. The complainants have ample remedy by the familiar bill of discovery to compel the defendant to disclose to them in usable form all that they are entitled to receive under the principles governing the law of discovery. There is no occasion to extend the application of an examination *de bene esse* to cover the case of an adverse party, especially

when, as here, the commission which is sought is unlimited in its scope. In *Winter v. Elmore*, 88 *Ala.* 555, 7 *So.* 250, the Supreme Court of the State sustained the action of the register in chancery in refusing to enter an order to take and perpetuate the testimony of parties adverse to the petitioner, notwithstanding proceedings of such a nature were authorized with respect to witnesses and parties were then qualified as witnesses. It was held that if one party desired disclosure from another, his proper recourse was by a bill for discovery. If the practice were allowed to grow of permitting parties to treat their adversaries as witnesses and by proceedings to perpetuate testimony to probe them in advance of trial, it was observed by the court in that case that "experimental fishing-bills could be made the instrument[s] of much annoyance, if not oppression." When it is recalled that bills to take testimony *de bene esse* may be filed when the witness is aged and infirm, the observation of the Alabama court is given added point. These remarks are not meant to have any personal application in the instant case. They are intended to show what might develop if the practice contended for by the complainants were countenanced.

There is no way under Delaware law for one party to secure a general examination of the other before trial. The bill in this case seeks in substance to secure such an examination.

The demurrer should be sustained.