JOSEPH QUILL v. WILLIAM CARPENTER, and others.

*(March* 21, 1939.)

RODNEY and SPEAKMAN, J. J., sitting.

*David J. Reinhardt, Jr.,* for plaintiff.

*Aaron Finger* for defendants.

Superior Court for New Castle County, No. 5, January Term, 1938.

RODNEY, J., delivering the opinion of the Court:

In *Levy v. Kirby*, 9 *W. W. Harr.* (39 *Del.*) 109, 192 *A.* 696, and *Levy v. Kirby*, 22 *Del. Ch.* —, 196 *A.* 816, 817, the Superior Court and the Court of Chancery, respectively, considered the rights of one party to take deposition of an adverse party outside of the state, said deposition to be taken *de bene esse*. In both cases, on the facts there present, it was determined that such depositions could not be taken. In both cases the origin and history of the taking of testimony by deposition was dealt with and will not be here repeated. In *Laurel Printing & Pub. Co. v. James*, 6 *Boyce* 185, 97 *A.* 601, it was held that the testimony of a plaintiff could not be taken by deposition where no unusual circumstances were shown, and in *State to Use of Jefferson v. Stidham*, 7 *Boyce*

520, 108 *A.* 740, the testimony of the plaintiff, then eighty-one years old and unable to attend the trial, was taken *de bene esse.*

The Constitution of Delaware, so far as here material, provides by *Article* 4, § 24:

"In civil causes, when pending, the Superior Court shall have the power * * * of obtaining evidence from places not within the State."

Viewing this provision as a rule making power in the Superior Court, if such grant of power be necessary, it is important that we see what the Rules of Court provide concerning depositions. Depositions by oral examination are covered by Rules 62-69. These Rules make no express reference concerning examination of parties, whether adverse or otherwise. They do, however, make certain statements having a tendency of indicating that adverse parties were not considered as witnesses within the contemplation of the Rules. These Rules provide for an order upon the application, in writing, of either party to a cause, for taking the testimony of witnesses on behalf of said party; examination of witnesses shall be subject to cross-examination and re-examination by the parties; after the examination of a witness is finally closed such witness may not again be examined on the same facts, without the consent of the adverse party; the testimony must be certified in the absence of the parties or their attorney choosing to attend; if objection is made to the competency of a witness or question the Commissioner shall state his opinion upon the objection, to the parties.

Then, too, under the ordinary practice concerning witness fees a distinction has always been observed between parties and witnesses, and a party has never been deemed to be entitled to such fees.

Certain general principles furnish reasons which make the unlimited examination of adverse parties by deposition

unadvisable and doubtful. Courts do not favor so-called "fishing expeditions", and examinations on deposition before commissioners unskilled in the law are not apt to be always confined to strictly legal testimony and the opposite party may elicit, under form of law, much evidence to which he is not entitled, and thus build up his own case. The deposition differs from calling the adverse party as a witness in Court, for then the testimony becomes evidence, and the party calling the witness is bound thereby; a deposition may or may not be subsequently offered in evidence by the party for whom it is taken, and a party may thus require his adversary to tell him all the material facts of his case, which may then be used if favorable, or rejected if unfavorable to the party seeking the deposition.

It is a noteworthy fact that in almost every jurisdiction where a party is permitted to take depositions of the adverse party such procedure is had pursuant to an express statutory authority.

*Western Union Tel. Co. v. Williams,* 129 *Ky.* 515, 112 *S. W.* 651, 33 *Ky. Law Rep.* 1062, 19 *L. R. A.* (*N. S.*) 409; *Ex Parte Alexander,* 163 *Mo. App.* 615, 147 *S. W.* 521; *In re Foster,* 44 *Vt.* 570.

In *Wheeler v. Burckhardt,* 34 *Or.* 504, 56 *P.* 644, 645, the Court said the right to compel an adversary to give a deposition "has no existence independent of this statute, and its sole purpose was to declare and secure that right."

See, also, *Bagley v. District Court,* 218 *Iowa* 34, 254 *N. W.* 26; *Union Mortgage Co. v. Rocheleau,* 51 *R. I.* 345, 154 *A.* 658; *Tilden-Thurber Corp. v. Farnell,* 43 *R. I.* 42, 110 *A.* 399; *Musick v. Ray,* 60 *Ky.* 427, 3 *Metc.* 427, 428; *Armstrong, Sheldon's Adm'r v. Griswold,* 28 *Vt.* 376; *Winter v. Elmore,* 88 *Ala.* 555, 7 *So.* 250.

In *Laurel Printing Co. v. James, supra,* it is said [6 *Boyce* 185, 97 *A.* 603]:

" The courts of this state have ruled that it must appear that the person whose testimony is taken by deposition comes under one of the classes mentioned in the *Constitution* and the tendency has been to restrict and not enlarge the constitutional provision."

 We do not say that under certain circumstances and under certain restrictions the testimony of a party should not be able to be taken on deposition, but we do feel that under the existing rules and without any limit or restriction the testimony of an adverse party should not be compelled by deposition.

The prayer of the petition is granted and a proper order will be prepared.