In the Matter of the Subpoenas served upon MAT DENNING, M. A. DIBBLE, J. NORMAN MCBURNEY, JOSEPH W. NESTOR and J. B. DIETZ, in connection with the action styled "In the Corporation Court for the City of Bristol, Virginia - Universal Moulded Products Corporation v. E. I. duPont de Nemours & Company."

*(July 26, 1948.)*

LAYTON, J., sitting.

*Clement Wood* (of Hering, Morris, James and Hitchens) and *Daniel O. Hastings* (of Hastings, Stockly, Walz and Wise) for Universal.

*Hugh M. Morris* and *Edwin D. Steel, Jr.* (of Morris, Steel, Nichols and Arsht) and *Abel Klaw* for duPont.

Superior Court for New Castle County.

LAYTON, J.

██ Preliminarily I shall dispose of Universal's contention that this Court has no power to quash the issuance of the subpoenae here because the petition seeking their issuance complies in all respects with the provisions of 4707, Revised Code of 1935, as amended. I cannot agree with this argument. A Court always has the inherent power over its own process and, in a proper case, may vacate or quash writs, returns, or other process incorrectly or improvidently issued. Here the right to take the depositions of the very witnesses sought to be examined is challenged. Surely this Court is not without power to determine the fundamental question involved and upon a finding that the witnesses could not be interrogated, then to quash the subpoenae commanding their appearance. Reason and logic compel such a conclusion.

Proceed now to the question whether the deposition of a party can be compelled under 4707, Revised Code of 1935, amended. The Act reads as follows:

"When a commission is issued by any Court of the United States, or of any State, District or Territory in the United States, or of any foreign country for the taking of testimony of witnesses at any place within the State of Delaware before any commissioner, examiner or master or where a notice has been given, or any other proceeding has been taken for the purpose of taking testimony, within the State of Delaware, pursuant to the laws of the state, district,

territory or country wherein the Court is located, or pursuant to the laws of the United States, if it is a Court of the United States, the Prothonotary of the Superior Court for any County, on the presentation of a verified petition of the party desiring to take such testimony or his attorney, setting forth such commission, notice or other proceeding, shall issue a subpoena or subpoenas duces tecum for such witness, commanding him to appear before the commissioner, examiner, or master named in the commission, or before the officer designated in the commission, notice or other paper by his title of office, at a time and place stated in the subpoena; and if any witness after being duly served with such subpoena and after being tendered the legal witness fees, including mileage, as provided for attendance before the Superior Court, refuses or neglects to appear or to produce the books and documents required by said subpoena, or after appearing refuses to testify, and such refusal or neglect is proven to the satisfaction of the Superior Court or any Judge thereof in vacation, such Court or Judge may proceed to enforce obedience to the process or punish the disobedience in the same manner as the said Superior Court may proceed, in case of disobedience to process of subpoena issued by said Court, and in addition thereto the party in whose behalf such witness is summoned shall have all rights and actions against such witness as the aggrieved party now has, as provided in Section 1 of this Chapter, provided however, that no subpoena duces tecum shall be issued by the Prothonotary except upon an order of the Superior Court or any Judge thereof in vacation entered upon an application therefor to such Court or Judge, upon such notice to such witnesses as to the Court and Judge may seem proper."

Both when Section 4707 was passed in its original form (Vol. 30 Delaware Laws) and later as amended (Vol. 46 Delaware Laws), it was the law of this State that a party could not be examined upon deposition. *Quill v.*

*Carpenter,* (1939) 1 *Terry* 1, 5 *A. 2d* 241; *Levy v. Kirby,* 22 *Del. Ch.,* 274, 196 *A.* 816. Though in the Quill case the word "witness" as it appeared in our then Superior Court rules, and not in Section 4707, was being construed, the result must be the same. It could not be thought that our Legislature intended to permit greater latitude in the examination of our citizens in cases originating without, than within, this jurisdiction. Moreover, a cardinal rule of statutory construction is that where one jurisdiction enacts a statute in the exact, or substantially the exact, language of an Act existing in some other jurisdiction, then the construction of the Act by the Courts of that jurisdiction should be accepted in the jurisdiction adopting the Act. I am convinced that Section 4707, Vol. 30, 33 and 46, Delaware Laws, was taken substantially from the Federal Act, 28 U.S.C.A. §§ 646, 647. The Federal Courts did not permit the taking of the deposition of a party under this section. Getting The Evidence, William A. Stern, Sec. 135 and cases cited. Simpkin, A Federal Law Suit. Thus, the construction of the Federal Act by the Federal Courts cannot be ignored in interpreting our Section 4707.

Assuming then, I believe correctly, that Section 4707, Revised Code 1935, as amended, did not permit the taking of the deposition of a party, has the Act been subsequently amended so as to broaden the meaning of the word "witness" to include a party? Universal argues that the amendment to Section 4688 Revised Code of 1935, by Vol. 43 Delaware Laws clearly demonstrates that the word witness shall include a party. Section 4688 as originally adopted clearly pertains to the examination of witnesses at trial.* It is substantially the same as the amended Act. It was a part of our law when Judge Rodney decided Quill v. Car-

---

*Wigmore's chapter on this subject, Vol. VIII, Sec. 2218, is headed in part "Testimony on the stand; statutory changes" and cites our Section 4688, Revised Code 1935.

penter and was not referred to at all in his discussion on the taking of the deposition of witnesses. The amended Act obviously relates only to the procedure of examining witnesses at trial. Thus, it has no bearing on the construction of the word "witness" in Section 4707.

Nor, again, unfortunately, has the adoption of the New Superior Court Rules on January 1, 1948 in any way amended Section 4707. Section 4643, Revised Code of 1935 empowering the Superior Court to promulgate rules of practice and procedure clearly confines the scope of such rules to proceedings originating in the Superior Court. Rule I clearly reflects this result. A reading of the rules relating to pre-trial evidence and discovery confirm the thought. I can come to no other conclusion but that Section 4707 does not permit the taking of the deposition of a party to an action. And where the party is a corporation, then the application of the rule must be extended to include at least its managing officers and agents. Else the very purpose of the rule would be defeated. This is not to say that I approve the result. It is unfortunate. I never viewed the conclusion in Quill v. Carpenter desirable although unquestionably then the law, not only in this State, but probably in all others where no statute existed expressly authorizing the taking of the deposition of a party. The result is even less desirable in view of the broadened policy of the State as reflected by the new Rules of this Court. But any other conclusion would be so strained as to amount to judicial legislation. To me the argument advanced by duPont is logical and unassailable. The motion to quash the subpoena directed to the witnesses sought to be examined is granted.

The following opinion was filed as a result of a reargument granted September 8, 1948, upon the application of Universal Moulded Products Corporation.

## ON REARGUMENT

A reargument was granted. There Universal contended that I had erred in my original holding in the following respect:

"I can come to no other conclusion but that Section 4707 does not permit the taking of the deposition of a party to an action. And where the party is a corporation, then the application of the Rule must be extended to include at least its managing officers and agents. Else the very purpose of the Rule would be defeated."

It is urged that duPont alone, not its employees, is the party to the record and, consequently they are not prohibited from being examined upon deposition. At least one case is cited directly in support of this argument, *New Jersey Trust & Safe-Deposit Co. v. Camden Safe-Deposit Trust Co.,* 58 *N.J.L.* 196, 33 *A.* 475, and others have been referred to which by analogy seem to sustain the proposition. But I am unable to understand the logic of these cases. A corporation cannot testify except through the medium of its officers and agents. If they are permitted to be examined then, in the final analysis, it is the deposition of the corporation, a party, which is being taken. Thus, as I observed in my former opinion, the very purpose of the Rule is defeated. It would also result that, under Section 4707, a corporate, but not an individual, party can be examined. This would be manifestly unjust in suits between corporations and individuals. I therefore conclude that the result of my original opinion should remain undisturbed.