L. D. and DORA G. MEIKLE v. A. N. HOBSON, Judge, and HOW-ARD COUNTY DISTRICT COURT.

**Deposition of party to action:** CONTEMPT. Neither a husband nor wife, both suing separately for an assault upon the wife and residing within the jurisdiction of the court, can be required to appear before a commissioner for the purpose of having their depositions taken in either case; and are not subject for contempt for failure to so appear.

TUESDAY, DECEMBER 15, 1914.

PROCEEDING in certiorari to test the legality of fines and commitment for contempt, for failure to respond to subpœnas to testify by deposition, at the instance of the opposite party on pending actions.   Order of imprisonment and assessment of fines annulled.

*William S. Hart* and *J. A. Cutting,* for plaintiffs.

*Wade, Dutcher & Davis, Reed & Pergler* and *John Mc-Cook,* for defendants.

·WITHROW, J.—I. Two actions were pending in the district court of Howard county, brought respectively by L. D. Meikle and Dora G. Meikle, husband and wife, against William T. Daly, in which recovery of damages was sought in each against Daly because of an alleged unlawful assault upon Dora G. Meikle by said Daly.   The Meikles were residents of Allamakee county, and Daly resided in Howard county, where

the actions were brought. · On April 13, 1914, the attorneys for Daly served upon the attorney of the Meikles notice of his intention to take the depositions of the two plaintiffs in the damage suits, before a notary public in Waukon, Allamakee county, to be used as evidence in the trial of said causes. The service of such notice was accomplished by the acceptance of plaintiff's attorney, in which time was waived. Subpœnas were issued by the notary public for taking the depositions in each case, and served upon Dora G. Meikle, and by stipulation of counsel it was conceded that like service was had upon L. D. Meikle. Both of the parties failed to appear at the time and place fixed by the subpœnas. Thereafter the defendant Daly, by his attorneys, presented to the district court of Howard county an application for an order requiring the Meikles to appear and testify before the notary public, and, upon showing of service of subpœna, the affidavits of counsel, and the certificate of the notary public, order was entered requiring the parties to appear and testify before the notary public on such date as he should fix, giving to the parties one day's notice; and that, in case they failed to so appear and testify, it was further ordered that the parties appear before the court at a day and hour fixed and show cause in writing under oath why they should not be punished for contempt for failing to obey such order. Later by affidavit filed in the district court it was made to appear that the order of the court was duly and timely served on each of the Meikles, and that they failed to appear for examination at the time fixed by the notary public. Following this there was filed and submitted, to the judge of the district court who issued the citation, a showing under oath, made by their attorney, in justification of their failure to appear and testify. In this statement it was averred that their residence was about forty miles from the city of Cresco; that they had formed no intention of removing therefrom, or to any place a greater distance away, or beyond the reach of a subpœna or other process; that neither of the suits for which the testimony was sought to be taken could be tried without

the actual personal presence and testimony in court of Dora G. Meikle; and that L. D. Meikle is an essential witness on the part of each plaintiff, that is, himself and his wife; and each of the parties then undertook and offered to be present at the time of the trials of the cases upon penalty of abatement. It appears from the record that at all times the parties were acting under advice of their counsel. Other affidavits were filed which did not materially change the facts as above stated and as presented in the response to the citation. It was urged by the two parties, through their counsel, that under the admitted facts there is no lawful authority for taking their testimony by deposition.

The matter was, after argument, submitted to Judge Hobson, who took it under advisement, and later caused to be entered his ruling and order. It held that under the facts shown by the record it was the duty of Dora G. Meikle to appear and give her deposition in her own case, but not in that of her husband, and that it was the duty of L. D. Meikle to appear and give his deposition in his own case, but not that of his wife; and that, having failed to so do in response to subpœnas, they were each guilty of contempt. Warrant of commitment was directed to issue against each of the parties, directing that they be confined in the county jail until each shall have respectively given testimony in their individual cases, and a fine of $50 and costs was assessed against each of them. Exception was duly taken. Following this the Meikles, by their attorney, presented a motion and application for a modification of the ruling and order of the judge, asking that there be eliminated from it the imposition of the fine against each of the parties. The grounds of the motion were that the original subpœnas and the subsequent order of Judge Hobson made upon *ex parte* application required them to be present and testify before the notary public, each in both of the cases then pending; that, in so far as the order of the judge undertook to summarily and without notice compel both parties to testify in both cases, it was void and beyond the jurisdiction

of the judge or court. The motion further alleges that compliance was literally made with the order of the judge requiring the parties, in the event of their failure to appear and testify, to make written statement under oath justifying their conduct; and this was done under the law as understood and interpreted in good faith by their attorney; that the failure and refusal of the parties to appear and testify was solely upon the advice, instruction, and order of their attorney, upon whose counsel they acted and relied; that the attorney in so advising them acted with absolute good faith and in the belief that he was strictly within the law in so advising his clients; and that no ruling or decision had been made by the trial judge which indicated that the attorney had not been justified in his position until the entry of the order of fine and commitment made some time after the judge took the case under advisement; that there was no willful disobedience of any order of any court, but at all times the attorney for the parties believed that they were not bound to appear and testify by deposition, and under the holding of the judge that they were not bound to testify in other than their own cases, had they appeared and testified as commanded by the subpoena and order of the judge they would each as to the case of the other have been compelled to do something forbidden by law; and that the order and judgment of fine and imprisonment was for the violation of such unwarranted orders. The motion was overruled. From the judgment and order entered writ of certiorari is brought to this court.

II. Many propositions which are settled either by statute or Constitution enter into but are not wholly decisive of the question presented. By the Constitution of Iowa, article 1, section 4, it is provided that:

Any party to any judicial proceeding shall have the right to use as a witness, or take the testimony of, any other person, not disqualified on account of interest, who may be cog-

nizant of any fact material to his case; and parties to suits may be witnesses, as provided by law.

The last clause is but the removal of the prohibition of the common law that parties to the record were not competent witnesses in their own behalf. The remainder of the quotation is a guaranty of right to all litigants to secure by proper means testimony which is material to their cases. Code, section 4601, provides that:

Every human being of sufficient capacity to understand the obligation of an oath is a competent witness in all cases, except as otherwise declared.

While Code, section 4603, is but the restatement of the provision of the Constitution that interest or being a party will not disqualify, excepting as otherwise provided by statute, Code, section 4684, provides for the taking of the deposition of a witness after the commencement of an action, "if the witness resides . . . in a different county from the place of trial, or is about to go beyond the reach of a subpœna, or is for any other cause expected to be unable to attend court at the time of trial." The right of the defendant in the Meikle cases to take their testimony, is, as claimed by the respondent, based upon the rules of Constitution and statute above noted. Code, section 4606, provides that:

Neither the husband nor the wife shall in any case be a witness against the other, except in a criminal prosecution for a crime committed one against the other, . . . or in a civil action by one against a third party for alienating the affections of the other.

It was under this section that the trial judge entered the order requiring the parties to appear and testify, but neither in the case of the other. It is also by invoking the rule of this statute that the plaintiff challenges the validity of the original order by the judge, which commanded them to appear and testify before the notary public, without exempting either

from the requirement of testifying for the defendant Daly in his suit brought by the other.

The primary purpose of the statutes declaring who are competent as witnesses, and providing the means for procuring their presence at the trial or their testimony by deposition, is, as indicated by the quoted language, that the parties may avail themselves of all material evidence bearing upon the action. The position of counsel for respondent is that under the law every human being is a competent witness, unless for some qualification stated in the law; that a party to an action is a competent witness; and that the provision for taking the deposition of a witness must therefore apply alike to an ordinary witness and to a party to the action and for a failure to obey a subpœna issued for that purpose the penalty for contempt may be inflicted. The different statutes which we have cited do not in express terms grant to the opposite party the right to take the testimony of his adversary by deposition; but do provide that he is entitled to that testimony. As having important bearing upon the legislative intent as to the method by which such testimony may be had, Code, section 4667, provides that:

> If a party to an action in his own right, on being duly subpœnaed, fails to appear and give testimony, the other party may, at his election, have a continuance of the cause at the cost of the delinquent.

Code, section 3764, provides that an action may be dismissed by the court when the plaintiff fails to appear when the case is called for trial. These two sections afford to the opposite party, the defendant, ample means for securing the testimony of the plaintiff at the trial, if, as is shown to be true in this case, he is within the reach of a subpœna. A failure to appear and testify after subpœna entitles the defendant to a continuance; while a failure to appear will warrant a dismissal. In the light of these statutes, and in the absence of express legislative provision warranting the taking of the dep-

osition of the party plaintiff, when his attendance and testimony upon the trial may be secured by compulsion, we cannot hold that the right to take the deposition exists under conditions such as appear in this record. Such a rule would lend the full power of the court to a process for the discovery not only of the claims of the opposite party, but also the details of the evidence, so far as known to the plaintiff, upon which the case would depend, not regulated by the control which a court will give as to excluding testimony which is not competent or is forbidden. While it may be said that like conditions as to introducing improper evidence in the record, when in the form of a deposition, will arise when the deposition of a witness admittedly may be taken, we are not of the opinion that the one condition affords justification for the other, unless the statute so declares it. As bearing upon the conclusion we reach that the right to take the deposition of the opposite party cannot be claimed, when the attendance of the party at the trial and his testimony may be had, see *Ex parte Fisk,* 113 U. S. 713 (5 Sup. Ct. 724, 28 L. Ed. 1117) ; *Seymour v. Donald,* 23 Novo Scotia, 364; *Winter v. Elmore,* 88 Ala. 555 (7 South. 250).

III. In the order entered by the trial court adjudging the parties guilty of contempt and imposing the fine, it was recognized that neither could be compelled to testify at the instance of the defendant in the case of the other. We therefore need give no further consideration to the statute upon which the order was based other than to say that to that extent the judgment was right. But in compelling the parties to appear and testify in their respective cases before the trials, under examination of the opposite party, for the reasons stated in the preceding division of this opinion, we hold that the order of imprisonment and the assessment of the fines was without warrant, and is—*Annulled.*

LADD, C. J., and DEEMER and GAYNOR, JJ., concur.