TILDEN–THURBER CORPORATION *vs.* GEORGE FARNELL.

JUNE 17, 1920.

PRESENT: Sweetland, C. J., Vincent, Stearns, Rathbun, and Sweeney, JJ.

(1) *Depositions. Witnesses. Parties.*

Under the provisions of Gen. Laws, 1909, cap. 292, § 22, authorizing a magistrate to take depositions and sec. 28 providing that "*any person* may be compelled to appear and depose : . . in the same manner as to appear and testify in court," a *party* is not a *witness*, within the meaning of the latter term as used in such statute and one party cannot require the adverse party to give his deposition prior to the trial.

PETITION for writ of mandamus on facts fully stated in the opinion. Petition denied and dismissed.

STEARNS, J.   This is a petition that a writ of mandamus issue to George Farnell, a notary public, commanding him to issue a writ of attachment against one Florence B. Stranahan of Providence, the plaintiff in a civil action at law pending in the Superior Court in which the petitioner, Tilden-Thurber Corporation, is defendant, and to cause her to be committed to prison until she shall appear and depose before him.

The original action was on the case for promises broken. At the request of petitioner, the respondent Farnell attempted to take Mrs. Stranahan's deposition; she appeared before him in obedience to his summons and citation and, acting under the advice of counsel, refused to be sworn or to answer any questions, on the ground that as she was a party to the suit she was not required to depose at the request of the adverse party. The objection thus stated raises the only question in this case.

The petitioner in its attempt to take the deposition proceeded under General Laws, Chapter 292, § 22 of which provides: "Except in equity causes, any justice of the supreme or superior court, justice of the peace, or notary public, may take the deposition of any witness, to be used in the trial of any civil suit, action, petition, or proceeding, in which he is not interested, nor counsel, nor the attorney of either party, and which shall then be commenced or pending in this state, . . . " and Section 28 of which provides: " . . . Any person may be compelled to appear and depose as aforesaid within this state, in the same manner as to appear and testify in court."

The above-mentioned Sections 22 and 28 are re-enactments of Sections 15 and 21, Chapter 187, Revised Statutes, 1857. March 14, 1864, by Chapter 518, Public Laws, 1857–1872, which was entitled, "An act in addition to Chapter 187 of the Revised Statutes," by Section 4 thereof it was provided as follows: "In all actions at law, the depositions of parties may be taken and used in the same manner as the depositions of other witnesses." Chapter

518 was expressly repealed by Chapter 261, General Statutes, 1872, but the provisions in question (Secs. 22 and 28) appear as Section 16 and Section 22, Chapter 203 in the Statutes of 1872 and remain the same except for some additions not material to the matter before us down to the present time.

(1)    The question in issue is to be decided by the interpretation of our statutes and the decisions of other jurisdictions on different statutes are of slight if any assistance as precedents.    In arriving at the proper construction of the statute the changes therein referred to are of importance. The legislature by expressly providing that the depositions of *parties* might be taken, thereby indicated that the statute without this addition did not include parties in its provisions, as otherwise the additional legislation was unnecessary.    It follows as a consequence that the repeal of this particular provision in regard to parties and the re-enactment in various revisions of the laws of the other provisions in regard to depositions, indicate that for reasons satisfactory to the legislature it was deemed wise to leave the law as it was previously and not to include parties in the provisions of the act.    This conclusion is strengthened by a consideration of the statutes in general and the practice thereunder.

The term "witness" as used in our statutes may or may not include a party to the action, and in cases of doubt the question must be decided with reference to the use of the term in the particular instance.    For example, a party as such, even although a witness in his own behalf has never been held entitled as a witness to a witness fee (Gen. Laws, Chap. 364.).    The attendance and examination of both parties and witnesses in probate courts is provided for by Section 9, Chapter 307.    By Section 14, Chapter 276, assistant clerks of court are given authority to administer oaths to parties, witnesses and others.    Section 22, Chapter 354, provides that any court of record may commit any witness or party who has testified, who is apparently guilty of perjury.    The act in question (Secs. 23, 25) provides that

previous to taking any deposition, written notification thereof shall be given to the adverse party or his attorney of record, and service of citation shall be made on the person who is required to depose, and in Section 26, it is further provided that service on the adverse party or his attorney shall be made such a reasonable time before the taking of the deposition as will give the adverse party full opportunity to be present at the hearing and put interrogatories to the deponent.

The requirements for service of notification on two persons, the adverse party and the witness, and the provision for the examination of the witness by the adverse party show that a clear distinction is thus made between the witness and the adverse party and that the one term in this instance does not include the other.

The petitioner bases his claim for the issuance of the writ of mandamus on the ground, as stated in the petition, that Mrs. Stranahan has knowledge of facts pertinent to the issues in the civil action and that the interests of the petitioner require that her deposition be taken forthwith. The nature of petitioner's interests which are involved or the relation of the testimony of Mrs. Stranahan thereto is not set forth. The petitioner, it appears, has already by order of the court been given a bill of particulars by the plaintiff. Thereby if a proper bill has been given the petitioner has received more detailed information than is required by the strict rules of pleading and plaintiff has been confined to definite limits in the presentation of her case. If we assume that the petitioner seeks to secure information from the plaintiff necessary for the preparation of its defence, the customary methods are well settled in practice.

Chapter 292, Section 50, Gen. Laws, regulates the procedure after action at law or suit in equity is begun, where one party seeks to secure the production and inspection of documents in the possession or control of the adverse party. In *Arnold* v. *Pawtuxet Valley Water Co.*, 18 R. I. 189, on plaintiff's motion for an order to the defendant requiring

the production of certain documents, in order to enable plaintiff properly to prepare his case for trial, it was held that the procedure under Section 50, was a substitute for the more cumbrous method of a bill of discovery, and that to entitle plaintiff to relief under the statute he must show such a case as would entitle him to relief under a bill of discovery. At page 196 the court says: "An application of this sort . . . . 'should set forth particularly the reasons which render it essential to the preparation of the defence, that the order asked for should be made, so that the court may determine whether or not the necessity exists.' If the application shows that it is merely an attempt to 'fish for evidence,' or to 'draw the fire' of the opposite party, for the purpose of either making a case, or of 'cooking up' a defence; or to state it negatively, if it does not show that the applicant is fairly entitled to the evidence sought, in order to enable him to properly prepare and try his case, it should be denied." Section 50, Chapter 293, does not do away with the bill of discovery. *Clark* v. *R. I. Locomotive Works,* 24 R. I. 307.

In *Gorman* v. *Banigan,* 22 R. I. 22, in which the proceeding was by bill for discovery in aid of an action at law, it was held that the general allegation in the bill that the discovery prayed for was absolutely necessary for the proper preparation of the complainant's action for trial was insufficient; to entitle complainant to discovery he must show specifically that the information sought is relevant and material in the action at law, that he is justly entitled thereto and that such evidence is necessary to enable him fully to prosecute or defend his suit. See also *Tillinghast* v. *Westcott, Slade & Balcom Co.,* 30 R. I. 334.

The petitioner in the circumstances would not be entitled to relief by bill of discovery or to inspection of documents in the plaintiff's possession. It claims however the right to examine the adverse party before trial by the form of taking depositions and such examination may be held by a justice of the peace or by a notary public, neither one of which

officials is necessarily an attorney at law. Having searched out his adversary's case, petitioner is not compelled to use the deposition in the trial of the case (Sec. 29, Chap. 292). The power thus asserted if approved would do away with any need for the bill of discovery and would in many instances deprive a party litigant of the protection of the courts against an unwarranted or unfair inquisition prior to the trial of the case. We do not think this is the intent of the statute.

In view of the considerations above referred to we are of the opinion that a party is not a witness within the meaning of the latter term as used in this statute and that one party cannot require the adverse party to give his deposition prior to the trial.

The petition for writ of mandamus is denied and dismissed.

*Claude R. Branch, Edwards & Angell*, for petitioners.
*Comstock & Canning*, for respondent.