## CANTON *et al. v.* ROSS *et al.*

(Division B. June 2, 1930.)

[128 So. 560. No. 28479.]

Shands, Elmore & Causey, of Cleveland, for appellants.

Roberson & Cook, of Clarksdale, for appellees.

Argued orally by **G. D. Shands**, for appellant.

**Anderson, J.,** delivered the opinion of the court.

This is an appeal by Eva P. Canton and Lillie Belle Montgomery from a decree of the chancery court of the First district of Bolivar county rendered in the matter of the administration of the estates of I. T. Montgomery and his wife, M. R. Montgomery; Eugene P. Booze being the administrator of said estates. The decree appealed from was in favor of the appellee John A. Ross, and was against the appellants and Estelle Montgomery. The decree awarded the appellee Ross the sum of one thousand one hundred fifty-four dollars and eighty-four cents as compensation for his services and expenses incurred as special master in the administration of said estates, and charged the shares of the appellants and Estelle Montgomery therein with the payment of said sum with interest. Estelle Montgomery prosecuted no appeal from the decree.

Several years ago, M. R. Montgomery, the wife of I. T. Montgomery, died in Bolivar county leaving an estate, and her husband, I. T. Montgomery, was appointed administrator of her estate. Before the conclusion of this administration, I. T. Montgomery died, and Eugene P. Booze was appointed administrator of both estates. The court made an order consolidating the administration of the two estates into one. Both estates descended to the children and grandchildren of I. T. and M. R. Montgomery, his wife, who were Mary C. Booze, wife of E. P. Booze, the administrator; Estelle Montgomery; William H. Mosby, Jr., and Montgomery Mosby, children of

a deceased daughter; and the appellants Eva P. Canton and Lillie Belle Montgomery. In May, 1924, Estelle Montgomery filed a petition in the matter of the administration of the estate to have the court remove Booze as administrator, charging, as a ground therefor maladministration on his part. The parties to this proceeding were alone the petitioner, Estelle Montgomery, and the administrator. The administrator filed an answer denying the allegations of the petition. Before the final hearing on the petition and the answer thereto, the petitioner, Estelle Montgomery, entered a motion to have the court appoint a competent person to investigate the administration of the two estates, which motion was sustained, and the appellee John A. Ross was, by the court, appointed to investigate the charge of maladministration of the estates by Booze, make an audit, and report his findings to the court. The decree appointing Ross provided that the petitioner, Estelle Montgomery, should first enter into bond in the sum of one thousand dollars conditioned to pay the expenses of the investigation and audit of the special master. This bond was accordingly executed. The decree provided further that if the special master should fail to find assets belonging to the estates which had not been reported by the administrator, then the special master's fees and costs should be paid out of the shares in the estates of Estelle Montgomery and the appellants. On the other hand, if the special master's report should show assets belonging to either of said estates not accounted for by the administrator, then the special master's fees and costs should be paid out of the entire assets of the estates.

The special master thereupon made an investigation of the administration of the estates and reported his findings to the chancellor. Upon the coming in of the master's report, a hearing was had upon the petition of Estelle Montgomery to remove the administrator. The chancellor found that none of the allegations of the peti-

tion were supported by the proof, but that the administrator had faithfully administered his trust. The petition for removal of the administrator was dismissed.

On June 3, 1928, more than a year after the dismissal of the petition of Estelle Montgomery to remove the administrator, the appellee Ross, through his attorney, presented to the chancellor at the courthouse in Clarksdale in vacation a petition setting out the amount of his fees and costs incurred in making the investigation, and praying that the amount should be charged against and declared a lien upon the shares in said estates of Estelle Montgomery and the appellants. The petition had not been filed in the office of the chancery clerk of Bolivar county where the estates were being administered, and no notice had been served on the appellants of the hearing of the petition. The chancellor rendered a decree against Estelle Montgomery and the appellants for the fees and costs of the special master in the sum of one thousand five hundred fourteen dollars and eighty-four cents, charging each with one-third thereof, and making the amount a lien on their shares in the estates, and directing its payment by the administrator accordingly. This decree was rendered on June 3, 1928, the day the petition was presented, but the petition was not filed until the next day.

Subsequently, Mary C. Booze and the Mosby heirs filed a bill in the chancery court of Bolivar county for a sale, and a division of the proceeds thereof, of the lands belonging to the two estates, making Estelle Montgomery and the other heirs, including the appellants, defendants thereto. An interlocutory order was made appointing P. B. Woollard, chancery clerk of Bolivar county, as special commissioner, and directing him to make a sale of the lands. The order of the court was carried out by him; the purchaser at the sale being Mary C. Booze, one of the heirs. The sale was reported by the special commissioner and confirmed by the court. The special commissioner thereupon prepared to distribute to the heirs

of the two estates the net proceeds of the sale of the lands. Before doing so, however, his attention was called to the decree of the chancellor in vacation directing the fees and expenses of the special master, Ross, to be paid out of the shares of Estelle Montgomery and the appellants. The special commissioner thereupon filed a supplementary report in the cause, making his report a bill of interpleader in which he set out the amount of money in his hands belonging to Estelle Montgomery and the appellants, and called the court's attention to the decree of June 3, 1928, and prayed that the special master, John A. Ross, be required, with Estelle Montgomery and the appellants, to interplead in the cause. Ross, Estelle Montgomery, and the appellants were therefore served with summons in accordance with the prayer of the bill of interpleader. Ross answered and propounded his claim, insisting that he had a lien upon the share of each Estelle Montgomery and the appellants for one-third of the amount of his claim for his fees and expenses. The appellants answered denying the claim of Ross. There was a hearing on the bill of interpleader, the answers thereto, and proofs, resulting in a decree declaring that Estelle Montgomery and the appellants were severally liable to pay the fees and expenses of the special master, Ross, each to pay one-third of the total amount. It is this decree from which the appellants prosecute this appeal.

On the hearing, it was shown that, although the appellants were not parties on the record in the proceedings which resulted in the appointment by the court of the special master, Ross, they knew of such proceeding, and there was evidence tending to show that they consulted the attorney representing Estelle Montgomery, who alone filed the petition for the removal of the administrator, and otherwise aided and encouraged her in the litigation. The appellants testified and denied that they rendered such aid and encouragement.

Conceding it to be a fact that the appellants did render Estelle Montgomery aid and encouragement in her ef-

forts to have the administrator removed, which resulted in the appointment of the special master, were they concluded by the decree charging each of them with one-third of the fees and costs of the special master? The evidence shows, without conflict, that the appellants were not parties on the record in that cause. Process was not served on them giving them notice of its pendency, nor did they voluntarily appear thereto. Parties to a cause are those persons who are actually interested in the subject-matter of the litigation, and who have a right to make defense to the suit, or appeal from an adverse judgment. They must be parties on the record, either as plaintiffs or defendants, and must have a right to appear and introduce witnesses and cross-examine adverse witnesses. One who is not a party on the record is not a party to the cause, although he may be interested. And, in deciding who are parties on the record, the court *will not look beyond the record.* Lipscomb v. Postell, 38 Miss. 476, 77 Am. Dec. 651; McPike v. Wells, 54 Miss. 136; 47 C. J., section 1, p. 14; 20 R. C. L., section 2, p. 662; and 6 Words & Phrases, First Series, p. 5202.

The record is controlling as to who the parties to a cause are. The question cannot rest in parol. To permit it to do so would open the flood gates of fraud and injustice.

It follows from these views that the decree appointing the special master, Ross, as well as the decree allowing the fees and costs of the special master, were without any binding force whatever on the appellants. They were not parties on the record, and the fact, if it be a fact, that they encouraged the litigation which brought about the appointment of the special master, is wholly immaterial. They were not willing to become parties on the record and run the risk of the costs of the proceedings; otherwise, they would have done so.

We come now to consider the effect of the decree rendered on the bill of interpleader, in which decree the appellants were again each charged with one-third of the

special master's fees and costs, to be paid out of their shares in the estates. The appellants were parties to the bill of interpleader—made so by proper process. In addition, they appeared and contested the allowance of the special master's claim. The hearing was on the pleadings of the parties and proofs. The court had jurisdiction both of the subject-matter and of the parties, and the decree is therefore binding on the appellants unless it be erroneous.

The special master's fees and expenses were incurred in the administration of the estates. They constituted part of the costs of such administration. Courts, and especially chancery courts, have large discretion in apportioning costs. Nevertheless, the exercise of such discretion is not final, but is reviewable on appeal, and if it appear that the decree apportioning the costs works a manifest injustice on any of the parties, the decree will be reversed.

We are of opinion that, under the facts in this case, the decree charging the appellants each with one-third of the costs of the special master did them a manifest injustice. Estelle Montgomery, one of the heirs, alone instituted the proceedings which resulted in the appointment of the special master. The appellants, as shown above, had no part whatever in instituting and conducting the proceedings. The proceedings were fruitless so far as the estates were concerned. The chancellor found, on the report of the special master, that the administrator had not been guilty of any maladministration of the estates. No assets of the estates were found unreported by the administrator. The cost of this fruitless effort on the part of Estelle Montgomery was the special master's fees and expenses, amounting to between fourteen and fifteen hundred dollars.

We are unable to see any just ground upon which any part of this amount should be charged to the appellants.

The result of these views is that the decree appealed from should be reversed, and we are of opinion that it would be better for the cause to go back to the chancellor for final decree.

Reversed and remanded.