UNION MORTGAGE COMPANY *vs.* WALTER C. ROCHELEAU.

SAME *vs.* SAME.

MAY 6, 1931.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

STEARNS, C. J. These are petitions for writs of *certiorari* praying for a review of decisions of a justice of the Superior Court denying the motions of petitioner, Walter C. Rocheleau, for bills of particulars in two actions at law in which said petitioner is the defendant.

The issues in each action and the question raised in each petition are similar. The Union Mortgage Co., a Massachusetts corporation located in the city of Boston, brought two actions in assumpsit in the Superior Court against Rocheleau to recover upon four promissory notes made by Rocheleau payable to the order of one Carl S. Flanders and by him indorsed and delivered to the plaintiff. Attached to the writ in one of the actions, and filed therewith on the return day, was a motion by plaintiff for summary judgment and an affidavit of the president of the plaintiff corporation that he personally knew the facts of plaintiff's claim and that

in his opinion there was no defence to the action. (P. L. 1930, C. 1605.) Defendant in each case filed a plea of the general issue and gave notice to plaintiff to prove the signature of defendant and the indorsements of Carl S. Flanders on said notes, and the incorporation of the plaintiff. Defendant also filed an affidavit setting out in detail the facts which entitled him to defend and alleging that the notes were obtained from him by the fraud of one C. C. Desaulniers by whose direction they were made payable to Carl S. Flanders and by the latter, contrary to the agreement of the parties, were transferred to plaintiff which, when it acquired title, had knowledge of such facts that its action in taking said notes amounted to bad faith. The motion for summary judgment was denied.

Thereafter the defendant filed in each action a motion for a bill of particulars. The justice who heard the motions did not consider any of the requests for information but denied the motions on the ground of the lack of any authority in the court to order a bill of particulars in an action on negotiable instruments. He stated to counsel that he was in doubt as to the authority of the Superior Court and suggested that the present proceeding should be instituted to remove any uncertainty with respect to the practice.

The usual method of review of a decision on a motion for a bill of particulars is by a bill of exceptions. *State v. Russo*, 49 R. I. 305; *Healey* v. *Ward Baking Co.*, 49 R. I. 498; *Star Braiding Co.* v. *Stienen Dyeing Co.*, 44 R. I. 8. The purpose of this method of procedure is to enable this court to review all of the proceedings in an action after it is finished in the lower court and thereby to avoid the expense and delay to litigants of a piecemeal review. G. L., 1923, C. 322, s. 2, provides that the Supreme Court shall have general supervision of all courts of inferior jurisdiction to correct and prevent errors and abuses therein when no other remedy is expressly provided, and it may issue all extraordinary and prerogative writs and processes necessary for the furtherance of justice and the due administration of the law.

We think that the circumstances are exceptional in the instant cases and consequently warrant these proceedings to secure a review by writ of *certiorari* of the interlocutory decisions of the Superior Court. *Hyde* v. *Superior Court*, 28 R. I. 204; *Atlantic Mills* v. *Superior Court*, 32 R. I. 285. The issue in each action is whether plaintiff is a holder in due course. The facts are unknown to defendant and are known only to the plaintiff. The latter has been informed of the defence and there is no reason why plaintiff should not give to defendant a statement with respect to the nature and extent of his title.

The law favors bills of particulars where the circumstances are such that justice requires that a party should be informed of the nature and extent of the claim made against him with greater particularity than is required by the rules of pleading. A party will not be required to do what is impossible, nor to furnish facts already known to his adversary or which can be ascertained by one party as well as by the other; the particularity required is determined by the nature of the pleading to which the bill is directed. *Cox* v. *Gas Co.*, 17 R. I. 199; *Tourgee* v. *Rose*, 19 R. I. 432; *Sullivan* v. *Waterman*, 21 R. I. 72. The purpose of the bill is to provide against a surprise of the defendant at the trial. In case there is such a surprise, the defendant's duty is to ask at once for a continuance, if necessary, to enable him to meet the unexpected evidence of his adversary. *Davidson* v. *Wheeler*, 17 R. I. 433; *Riley* v. *Shannon*, 19 R. I. 503. In the cases at bar a bill of particulars would serve to prevent delay at the trial.

Except where regulated by statute, the granting of a bill of particulars in any civil or criminal proceeding is within the discretion of the justice who hears the motion and his decision will not be disturbed unless it appears that there has been an abuse of discretion. *Kenyon* v. *Hart*, 38 R. I. 524; *State* v. *Davis and Quigg*, 39 R. I. p. 287. In an action on a promissory note, if the signature is not denied, the plaintiff makes out a *prima facie* case by producing the note. *Kirk* v.

*Ball,* 45 R. I. 93. But there is nothing in this rule of practice or in the nature of the action on a negotiable instrument which precludes the court from ordering a bill of particulars if the circumstances are such as to require one to be furnished. One party cannot require the adverse party to give his deposition prior to the trial of the action, *Tilden-Thurber Corp.* v. *Farnell,* 43 R. I. 42, nor can he explore the evidence of his adversary by means of a bill of particulars; but the defendant is entitled to a sufficient statement of facts to enable him to prepare his defence. As the effect of the bill is to limit the plaintiff in his proof to the particulars specified therein, (*Tourgee* v. *Rose, supra; Gorton* v. *Johnson,* 23 R. I. 138; *Gen. Motors Truck Co.* v. *The Shepard Co.,* 47 R. I. 88) in determining the extent of the disclosure required it is the duty of the court to refuse to order any unnecessary or unfair disclosure. Plaintiff's counsel admits that some of the requests are proper and at the hearing in the lower court and also in this court expressed a willingness to give some of the desired information. The refusal to consider any of the requests for particulars, in contemplation of law, was an abuse of judicial discretion and an error of law which entitles petitioner to the relief prayed for.

We have not attempted to decide which requests should be granted and which denied. The decision of these questions in the first instance is for the Superior Court.

The petitions for writs of *certiorari* are granted and it is ordered in each case that a writ of *certiorari* issue returnable on May 11, 1931.

*Alfred S. & Arthur P. Johnson, Jonas Sallet,* for plaintiff.

*James H. Rickard, Everett L. Walling,* for defendant petitioner.