W. G. C. BAGLEY et al., Petitioners, v. DISTRICT COURT OF CERRO GORDO COUNTY et al., Respondents.

No. 42420.

April 3, 1934.

Davis, McLaughlin & Hise and Smith & Feeney, for petitioners.

F. A. Ontjes and E. G. Dunn, for respondents.

Stevens, J.— On the 24th day of December, 1930, F. A. Ontjes, in his own behalf and that of all others similarly situated, filed a petition in the district court of Cerro Gordo county naming numerous of the petitioners in this proceeding as defendants. Among the defendants thus named were Hanford MacNider, Peter Anderson, and W. G. C. Bagley. The cause of action stated is somewhat involved, but is an attempt of the plaintiffs therein, as stockholders of the Northwestern States Portland Cement Company, a West Virginia corporation, to prevent certain changes or reorganization of the corporation upon the basis of plans proposed. No question as to the exact character or scope of the issues tendered in the aforesaid petition is involved in this proceeding.

Subsequently, the plaintiff Ontjes filed a motion to take part of the evidence in the form of depositions. This motion was accompanied by a written election on the part of the plaintiff to take part of the evidence in the original action in the form of depositions. The court, in a rather obscure order, apparently sustained the plaintiff's motion to take a portion of the evidence in the form of depositions. Some time later, the statutory notice for the taking of the depositions of the parties named, with others, was served upon counsel for the adverse parties. The notice named as witnesses,

whose deposition it was proposed be taken, the defendants Hanford MacNider, Peter Anderson, and perhaps others. Objections were interposed by these defendants to having their testimony taken in the form of depositions and the parties above named finally refused to be sworn or to give any testimony before the notary public duly commissioned to take the testimony. Thereupon, application was made by plaintiff to the district court for an order to compel the parties named to obey the prior order of the court permitting testimony to be taken in the form of depositions. A resistance was filed by the parties to this application, but same was overruled by the court and the order complained of entered.

Thereupon, this original proceeding in certiorari was commenced in this court to test the legality of the order issued by the district court to compel the parties to permit their depositions to be taken.

Numerous grounds of alleged illegality are assigned by petitioners designed to excuse their failure and refusal to obey the order of the court. The petitioners herein include the Northwestern States Portland Cement Company of West Virginia, the Northwestern States Portland Cement Company, a corporation of the state of Iowa, in addition to the parties already named.

First, it is contended by petitioners that the respondent district court was without jurisdiction or authority to command petitioners, all of whom, as stated, are parties to the original action, to submit to have their depositions taken in behalf of their adversary. Parties to actions are competent witnesses to give testimony, the same as any other human being having the capacity to understand the obligations of an oath. This has been true in this state since the enactment of section 3978 of the Revision of 1860 at least.

It was not sought in the proceeding below to take the deposition of parties in their own behalf, but by and in behalf of their adversaries. There is no statute in this state which, in express terms, permits one party to an action to compel the adverse party to submit to the taking of his depositions. It is the general rule in most other jurisdictions that, in the absence of statute so providing, the deposition of a party may not thus be taken. Union Mortgage Co. v. Rocheleau, 51 R. I. 345, 154 A. 658; Tilden-Thurber Corporation v. Farnell, 43 R. I. 42, 110 A. 399; Winter v. Elmore, 88 Ala. 555, 7 So. 250; McAfee v. Commonwealth, 173 Ky. 83, 190 S. W. 671, L. R. A. 1917C 377; Kwiatkowski v. Putzhaven, 189 Ind. 119, 126 N. E. 3; Kreider v. Wisconsin River Paper & Pulp Co., 110 Wis.

645, 86 N. W. 662; Hill v. Thomas B. Jeffery Co., 292 Ill. 490, 127 N. E. 124; Roberts v. Parrish, 17 Or. 583, 22 P. 136.

Perhaps it would be more accurate in this connection to say that, in most of the foregoing decisions, a statute permitting the taking of the deposition of the adverse party was involved.

It is the contention of respondent that statutes have been enacted in this state fully authorizing and justifying the proceeding below. First, it is urged that the legislature has made parties to actions competent witnesses in all judicial proceedings; that the elimination of all prior restraints upon parties to testify as witnesses in their own behalf has given them the exact status of any other witness. The Supreme Court of Kansas in Lawson v. So. Fire Ins. Co., 137 Kan. 591, 21 P. (2d) 387, so held. Perhaps Roberts v. Parrish, supra, also tends in some measure to support appellee's contention.

Our attention is also called to section 11358 of the Code of 1931, which provides in part that "if the action is triable by equitable proceedings, then without any other reason therefor either party may so take the deposition of any witness." Obviously, the term "witness" and "party" may not be used interchangeably. A party may be made a witness upon the trial in behalf of either party, but a witness in common parlance is by no means necessarily a party. Parties are usually defined as those actually interested in the subject-matter of litigation having a right to make defense, support his cause of action by testimony, examine and cross-examine witnesses, and to appeal from an adverse decision. Canton v. Ross, 157 Miss. 788, 128 So. 560. If it was the legislative intention, by the enactment of section 11358, to empower a party to take the deposition of his adversary, it is the testimony of witnesses that is authorized to be taken—to be taken by whom? either *party* to the action. It would seem that, if the legislature intended to enlarge or extend the right of one party to take the deposition of his adversary, it would have used somewhere near apt language in expressing such intention. The precise question here presented has apparently not previously arisen in this jurisdiction in an equity case. It has arisen in at least two actions at law. Speaking to the point in Meikle v. Hobson, Judge, 167 Iowa 666, 149 N. W. 865, this court said:

"The primary purpose of the statutes declaring who are competent as witnesses, and providing the means for procuring their presence at the trial or their testimony by deposition, is, as indicated by

the quoted language, that the parties may avail themselves of all material evidence bearing upon the action. The position of counsel for respondent is that under the law every human being is a competent witness, unless for some qualification stated in the law; that a party to an action is a competent witness; and that the provision for taking the deposition of a witness must therefore apply alike·to an ordinary witness and to a party to the action and for a failure to obey a subpœna issued for that purpose the penalty for contempt may be inflicted. The different statutes which we have cited do not in express terms grant to the opposite party the right to take the testimony of his adversary by deposition; but do provide that he is entitled to that testimony. As having important bearing upon the legislative intent as to the method by which such testimony may be had, Code, section 4667, provides that:

" 'If a party to an action in his own right, on being duly subpœnaed, fails to appear and give testimony, the other party may, at his election, have a continuance of the cause at the cost of the delinquent.' "

The foregoing language was subsequently approved in In re Estate of Ellenberger, 171 Iowa 225, 153 N. W. 1036:

"The essence of our holding in Meikle's case is that, since parties to a suit may be adequately dealt with in open court for failure or refusal to give proper testimony, the general deposition statute should not be resorted to in order to obtain their testimony, because the only possible use of such proceeding would be to obtain testimony which the court itself would not admit. In its general aspect it declares the self-evident postulate that the machinery of the law shall not be resorted to colorably, oppressively, nor to obtain what the law does not grant. The mere claim that the application at bar was made for some such purpose is not enough to invoke the application of this rule here, even though there be evidence to sustain the accusation."

It is clear that the procedure complained of is not only not authorized but, under the decisions of this court, forbidden in actions at law. Other statutes not directly in point tend rather persuasively to negative the contention of respondent. Persons summoned as witnesses to give testimony upon the trial of civil causes are entitled to fees and mileage, and may demand the payment

thereof in advance. Sections 11326, 11331, 11398, Code 1931. A party to an action, when summoned as a witness, is not only not entitled to the payment of fees in advance, but is not entitled to have fees taxed in his favor.

Since the enactment of section 2985 of the Revision of 1860, either party to an action may annex to his petition, answer, or reply written interrogatories to be answered by any one or more of his adversaries, section 11185, Code 1931, and the court is given power to compel such interrogatories to be answered. Section 11192, Code 1931. Whether the motive for the enactment of the foregoing statutes was to provide a substitute for the depositions of the adversary or not, the statute would seem to meet the reasonable necessities of the party filing interrogatories.

A party taking the deposition of his adversary is not required to offer it in evidence. Hale & Bro. v. Gibbs, 43 Iowa 380; Howe v. Mut. Reserve F. L. Assn., 115 Iowa 285, 88 N. W. 338. If the motive is inquisatorial or the result of the examination is unfavorable, the task of taking the deposition would ordinarily prove futile. Litigants are entitled to have their rights as such protected by the court and under its control and direction. National Clay Prod. Co. v. District Court, 214 Iowa 960, 243 N. W. 727.

It seems to the court that the legislature has not, for good reasons, seen fit to compel parties to actions to divulge all matters of fact pertaining thereto to their adversary in advance of the trial. A different procedure exists in some countries, but the public policy of this state as to the subject in hand is reflected in the enactments of the legislature.

In what has been already said it is not intended to imply that the depositions of a party to an action may never be taken in advance of the trial. It may in some situations be necessary for the plaintiff to rely upon the testimony of one defendant to make out a case against another, as, for example, where the party is an officer of a corporation having knowledge of material and necessary facts, the issues may be so framed in an action that the testimony of one's adversaries is indispensable to make out the cause of action against another defendant. There would seem to be no logical or reasonable reason why the depositions of such a party may not be taken as a witness in advance of the trial. The witnesses declined to be sworn in this instance, and the record does not disclose the precise line of inquiry intended to be pursued. The matters covered by the second

amendment to the petition and the purported copy of a claim filed in the name of the Northwestern States Portland Cement Company against the executors of the estate of C. H. MacNider in probate import a broad field of inquiry and suggest the probability that the examination, if permitted, would cover many matters within the scope of the issues joined against petitioners herein or some of them. In so far as the petitioners may have knowledge of matters necessary to the establishment of plaintiff's cause of action, and which are not germane to the issues joined against them, we perceive no reason why, as to such matters, they may not be classified as witnesses as well as parties.

A further ground of alleged illegality in the order of the court is that it permitted the taking of the depositions in term time. No party to an action may be required to take depositions during term time unless the court, upon written application in furtherance of justice, shall so order. Section 11362, Code 1931.

It appears from the record that, while several terms of court are held each year in Cerro Gordo county, there is no intervening period between them. Application was made by a plaintiff in the original action to the district court for an order granting permission to take the depositions in question in term time, and such application was sustained and permission given. It is insisted by petitioners that the court in its order failed to state that it was necessary that the depositions be taken in furtherance of justice. While the order is perhaps defective in this respect, such, we think, was, in view of the terms of the application, the necessary finding of the court.

It is also urged in behalf of respondent that certiorari is not the proper proceeding to test the legality of the order complained of. Finn v. Winneshiek District Court, 145 Iowa 157, 123 N. W. 1066, and Witmer v. Polk District Court, 155 Iowa 244, 136 N. W. 113, Ann. Cas. 1914D 212, relied upon by respondent to support the contention here made, are not in point. The court was without legal authority to command petitioners to submit to the taking of their depositions upon any issue in which their rights as such parties may be involved. The remedy by appeal is obviously neither speedy nor adequate. A careful consideration of the propositions submitted leads us to the conclusion that there was such illegality in the order entered as to require that the writ issued herein be sustained. The application in this case was for an order authorizing the taking of

the depositions of certain parties to the action. If the court had ordered that all· of the testimony be taken in the form of depositions and the cause so tried, for obvious reasons a different result would be reached.—Writ sustained.

CLAUSSEN, C. J., and EVANS, ALBERT, KINDIG, ANDERSON, MITCH-ELL, and DONEGAN, JJ., concur.

KINTZINGER, J. (dissenting)—Section 11358 of the Code of 1931 provides inter alia that "if the action is triable by equitable proceedings, then without any other reason therefor either party may so take the deposition of any witness." Obviously any person who is called upon a witness stand to testify is a witness, although he may also be a party to the action. Our legislature long ago abolished all restrictions against parties to an action being competent witnesses in judicial proceedings. In all civil actions a party may be called to the witness stand by the opposite party. He thereby becomes a witness for the party calling him. In equitable actions the testimony of "witnesses" is expressly authorized by statute. Any person who testifies is a witness even though a witness is not always a party. The term "witness" in section 11358 is broad enough to include any person whose testimony is sought to be produced, notwithstanding the fact that he is also a party to the case. If it was the legislative intention by section 11358 to except from the operation of that statute parties to the action, the exception should have been embodied in the statute. If a construction of this statute would except therefrom the authority to take the deposition of witnesses because they may be parties to the action, the exception should have been noted therein. As no such exception is reserved in the statute, it will hardly do for this court to read into it something which is not contained therein.

In addition to the foregoing, it is also a fact that this action is brought against a corporation. The parties whose testimony is sought to be secured by deposition are officers thereof. It is somewhat difficult to understand why an officer of the corporation cannot be called as a witness concerning matters of the corporation. I think the writ should have been annulled.

The principal action is one in equity, and under section 11358 the evidence of witnesses in such actions may be taken by deposition without any reason being given therefor.

Meikle v. Hobson, 167 Iowa 666, 149 N. W. 865, was a law action. and, under the provisions of the statute relating to law ac-

42

tions, deposition of witnesses cannot be taken except for the reasons pointed out in the statute. Section 11358, with reference to law actions, also provides:

"After the commencement of a civil action or other proceeding, if the witness is, or is about to go, beyond the reach of a subpœna, or is for any other cause expected to be unable to attend court at the time of trial, the party wishing his testimony may take his deposition in writing before any person having authority to administer oaths."

There is no such restriction as to taking depositions of witnesses in equitable actions.

There was a proper showing in the case of Meikle v. Hobson that the witnesses resided within the reach of a subpoena, that they were not about to go, or did not intend to go, beyond the reach of a subpœna. The Meikle v. Hobson case is clearly distinguishable from this action. I think the writ should be annulled.